**Don F. WOOD, Petitioner,**

v.

**The COMMONWEALTH OF VIRGINIA, the Corporation Court, for the City of Lynchburg, and the Commonwealth Attorney for the City of Lynchburg, Respondents.**

**Civ. A. No. 70–C–38–L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

Sept. 16, 1970.

William P. Robinson, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

### DISMISSAL

DALTON, Chief Judge.

This action was filed with this court on August 18, 1970. Petitioner, Don F. Wood, labels this a "Petition for Writ of Mandamus." By order dated August 18, 1970, petitioner was permitted to proceed *in forma pauperis*. In his petition, affidavits and accompanying letter, petitioner alleges the following facts.

On November 6, 1969, the Corporation Court of the City of Lynchburg found petitioner guilty of a third offense of petty larceny and sentenced him to two years imprisonment. Petitioner was

---

represented by counsel at the trial and entered a plea of guilty.

 Petitioner alleges that he was denied an appeal. A defendant who pleads guilty in the Virginia courts can appeal only jurisdictional defects or that the sentence exceeded that authorized by law. Peyton v. King, 210 Va. 194, 169 S.E.2d 569 (1969). This court cannot find a scintilla of evidence indicating a jurisdictional defect and the sentence did not exceed that authorized by law. For these reasons, this claim will not be given further consideration. See St. Clair v. Cox, 312 F.Supp. 168 (W.D.Va. March 18, 1970).

Petitioner states that he filed a similar petition with the Corporation Court of the City of Lynchburg on June 30, 1970. On August 14, 1970, the petition was denied. He does not allege that the Virginia Supreme Court of Appeals has considered an appeal from this adverse judgment.

The nature of this petition is the same as a petition for a writ of habeas corpus. Petitioner cannot circumvent the exhaustion requirements of 28 U.S.C. § 2254 by merely designating this a "Petition for a Writ of Mandamus." Petitioner mistakenly asserts that the state courts will not correct federal constitutional errors. Petitioner has not presented his claims to the highest court of the state and has not therefore exhausted his available state remedies. Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963).

For the foregoing reasons this petition is dismissed. This dismissal is without prejudice to the refiling of a similar petition after state remedies are exhausted.

If the petitioner wishes to appeal this judgment or any part thereof he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to certify copies of this dismissal to the petitioner and to the respondent.