Don F. WOOD, Plaintiff,

v.

The COMMONWEALTH OF VIRGINIA, the Corporation Court of the City of Lynchburg, and the Commonwealth Attorney of the City of Lynchburg, Defendants.

Civ. A. No. 71–C–1–L.

United States District Court,
W. D. Virginia,
Lynchburg Division.

Jan. 4, 1971.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION AND JUDGMENT

DALTON, Chief Judge.

The complaint in this action, entitled a "Petition for Order of Judgment," was filed in forma pauperis and transferred to this district by order of the United States District Court for the Eastern District of Virginia. The thrust of the action is a suit for damages because of the deprivation of civil rights. No basis for jurisdiction is specified but the court will construe the petition as an action under 42 U.S.C.A. §§ 1983 and 1985. Jurisdiction is conferred upon this court by 28 U.S.C.A. § 1343.

The plaintiff is currently imprisoned pursuant to convictions rendered in the Corporation Court of the City of Lynchburg for third offense petty larceny (November 6, 1969), fourth offense petty larceny (July 14, 1970), and credit card fraud (September 14, 1970). He alleges that he is innocent of any of-

fense, although he pled guilty to third offense petty larceny, and that his convictions are the result of the deliberate denial of effective counsel. He also makes broad allegations that the Commonwealth Attorney is the "dictator" of the Corporation Court and that he administers a discriminatory and dual standard of justice. These same general allegations have been raised in other petitions for writs of habeas corpus and/or mandamus submitted to this court by the plaintiff over the last several months. All of these prior petitions, D.C., 317 F.Supp. 1210, have been dismissed without prejudice because of a failure to exhaust state remedies as required by 28 U.S.C.A. § 2254.

 The actions against the Commonwealth and the Corporation Court of the City of Lynchburg should be dismissed without an examination of the merits of the complaint. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961) determined that the word "person" in 42 U.S.C.A. § 1983 does not include municipal corporations. This court likewise believes that it also does not include either a state or a state court. If liability is sought to be imposed upon the Judge of the Corporation Court, the plaintiff is concluded by the Supreme Court's later holding that judges are immune from suit under § 1983. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

 The complaint contains numerous denunciations of the Commonwealth Attorney but few actual allegations of fact are made against him personally. The gist of his allegations is that the three different attorneys appointed for him in various proceedings have all been incompetent and that the court deliberately denied him effective assistance of counsel. It is alleged that these attorneys either coerced or attempted to coerce him into pleading guilty to all charges when he was innocent of any crime.

When the plaintiff was charged with third offense petty larceny, the Municipal Court advised him that he must either employ a lawyer or have the court appoint one for him. He alleges that he talked with a friend who went to the Commonwealth Attorney and then came back with two possible names with "(t)he implication * * * that the suggestion came from the Commonwealth Attorney himself." The plaintiff alleges that he hired one of the two suggested attorneys to represent him at the preliminary hearing and that this attorney was appointed to represent him at trial when he was unable to pay the quoted additional fee. Clearly these allegations fail to indicate that the Commonwealth Attorney participated in a deliberate denial of effective counsel. The remainder of his allegations on this point complain of the court's refusal to appoint an attorney from a list he submitted. No further facts are alleged to indicate that the Commonwealth Attorney had anything to do with what attorneys the court appointed to represent the plaintiff.

 The plaintiff also alleges that the Commonwealth Attorney enforces the law in a discriminatory manner. He claims that a certain named individual was charged with third offense petty larceny, that the charge was later reduced to a misdemeanor, and that the defendant received only a six month sentence. Even if the Commonwealth Attorney did not prosecute this person or other persons to the full extent allowed by the law, it is not established that an individual who was prosecuted has been deprived of any civil rights. There are often good reasons for not prosecuting at all in certain cases or in reducing the seriousness of the original charges in others, but this fact of life does not mean that the plaintiff has been denied either due process or equal protection of the law. If the Commonwealth Attorney does in fact refuse to prosecute political or business friends, as the plaintiff alleges, this information should be directed to the voters, to the Ethics Committee of the Bar, or to the Office of the Attorney General. It does not furnish a basis for this action.

Although the plaintiff has made a number of allegations criticizing both the competency of his attorneys and their alleged attempts to coerce him into making guilty pleas, he did not include these individuals as defendants in this action. Since court-appointed attorneys are not considered to be acting "under color of" state law, they are not subject to liability under § 1983. Mulligan v. Schlachter, 389 F.2d 231 (6th Cir. 1968); Jackson v. Hader, 271 F.Supp. 990 (W.D.Mo.1967). Therefore, this court will not act on its own motion to permit the plaintiff to add these individuals as party defendants.

Subsequent to the writing of the body of this opinion, the plaintiff has submitted an "Addendum to Petition For Order of Judgment." In this paper he alleges that the Commonwealth of Virginia has denied him a speedy appellate review of his convictions. Since these allegations are only directed against the state, they will not be considered in this action because it has already been held that the state is not a "person" within the meaning of 42 U.S.C.A. § 1983. The Addendum does not affect the result of this case and it also is dismissed.

The plaintiff has not made sufficient factual allegations against the Commonwealth Attorney to establish any liability under 42 U.S.C.A. § 1983. It is the judgment of this court that this action should be and hereby is dismissed.