**Tyler E. SHELTON, Petitioner,**

v.

**Cary J. RANDOLPH, Respondent.**

**Civ. A. No. 73–C–72–D.**

United States District Court,
W. D. Virginia,
Danville Division.

Jan. 28, 1974.

Cary J. Randolph, pro se.

OPINION and JUDGMENT

DALTON, District Judge.

Tyler E. Shelton brings this case before the court upon what he styles a "petition for a peremptory writ of mandamus." The petition was originally filed in the United States District Court for the Eastern District of Virginia on December 18, 1973, and by order of that court on that date was transferred to this court. Shelton was defended by defendant Cary J. Randolph, acting as court-appointed counsel, in the Circuit Court for the City of Martinsville, Virginia, on charges of breaking and entering and felonious assault. Shelton was found guilty, and on September 7, 1973, was sentenced to a term of twenty-five years in the State Penitentiary.

At the request of Shelton, Randolph undertook to appeal the above judgment. The Supreme Court of Virginia granted additional time within which to file a notice of appeal and assignments of error by an order entered October 17, 1973, and the same were filed on November 15, 1973. Petitioner says that he thereafter requested Randolph to cease all action on the appeal, and says that Randolph refused to do so. By written request on November 21, 1973, petitioner asked the Circuit Court for the City of Martinsville to withdraw his

appeal and to relieve Mr. Randolph of any responsibilities as to it. That court notified petitioner that it had no further jurisdiction in the matter. Randolph states that by written motion dated December 12, 1973, he moved the Supreme Court of Virginia to relieve him of any further duties or obligations in the case, which motion was denied.[1] Consequently, Randolph filed a petition for a writ of error on behalf of petitioner with the Supreme Court of Virginia on January 4, 1974.

Petitioner contends that the respondent by virtue of his failure to withdraw the appeal is delaying petitioner's "quest for freedom" in that petitioner is not allowed to file a petition for habeas corpus in the state courts while his appeal is pending. Petitioner says he is of the opinion that the appeal will be denied because no objections were raised at his trial. He wishes to allege in a petition for a writ of habeas corpus that he wants to file in the state courts, among other things, that he was denied the effective assistance of counsel at trial, and he is of the opinion that respondent continues to pursue the appeal in order to delay the raising of the charge of ineffective assistance of counsel. Shelton therefore asks that this court issue a writ of mandamus to compel respondent to withdraw the appeal which he filed on petitioner's behalf.

■ This court is of the opinion that it is without jurisdiction to grant petitioner the relief which he seeks. The writ of mandamus in civil actions in federal district courts has been abolished by F.R.C.P. 81(b), and relief in the nature of mandamus is confined to those situations where it is a necessary aid to a court's jurisdiction, as when it is done as an ancillary proceeding in aid of jurisdiction acquired on other grounds. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir.

1973); Haggard v. State of Tennessee, 421 F.2d 1384 (6th Cir. 1970). It is settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought. Hertz v. Record Publishing Co., 219 F.2d 397 (3rd Cir. 1955), cert. denied, 349 U. S. 912, 75 S.Ct. 601, 99 L.Ed. 1247 (1955). In this case, as a writ of mandamus is the only relief sought, this court is without jurisdiction.

■ If this court were to treat Shelton's petition as one for injunctive relief against defendant Randolph, pursuant to 42 U.S.C. § 1983, it would likewise not be cognizable. Private attorneys do not act "under color of state law" within the meaning of the Civil Rights Act even though they may be appointed by the state, as was Randolph. Barnes v. Dorsey, 480 F.2d 1057, 1061 (8th Cir. 1973); Szijarto v. Legeman, 466 F.2d 864 (9th Cir. 1972); Brown v. Joseph, 463 F.2d 1046 (3rd Cir. 1972), cert. denied, 412 U.S. 950, 93 S.Ct. 3015, 37 L.Ed.2d 1003; Hamrick v. Norton, 322 F.Supp. 424 (D.Kan.1970); Jackson v. Hader, 271 F.Supp. 990 (W.D.Mo. 1967).

■ If this court were somehow to construe this action as a petition for a writ of habeas corpus, the court is met with the statutory condition that a person in custody pursuant to a judgment of a state court must first exhaust the remedies available to him in the courts of the state before resorting to the federal courts for relief. 28 U.S.C. § 2254. In addition, a private attorney would not be a proper party defendant to such an action.

■ United States District Courts have no supervisory or appellate jurisdiction over cases in state courts, which have exclusive jurisdiction over such cases. Durham v. New Amsterdam Cas. Co., 208 F.2d 342 (4th Cir. 1953).

---

1. Rule 3A: 31(c) of the Supreme Court of Virginia, Code of Virginia (1973 Cum.Supp. to 1957 Rep.Vol., Vol. 2) reads:

> The attorney so appointed [court-appointed counsel] shall represent the accused at any preliminary hearing and at all other stages of the proceeding *including appeal, until relieved or replaced by a court.* (Emphasis supplied.)

Petitioner has failed to allege any jurisdictional basis for his action, and none is apparent to the court. Accordingly, petitioner's action is hereby dismissed.

The clerk is directed to sent a certified copy of this opinion and judgment to petitioner and respondent.