**Johnnie Mack ROBINSON, Plaintiff-Appellant,**

**v.**

**R. H. JORDAN, Sheriff of Gray County, Texas and Dr. Joseph W. Gates, of Pampa, Texas, Defendants-Appellees.**

No. 73-2059.

United States Court of Appeals, Fifth Circuit.

May 31, 1974.

Rehearing Denied June 25, 1974.

Maurice P. White, Dist. Parole Officer, Midland Dist., Midland, Tex., Carol Oppenheimer, Austin, Tex. (Court-appointed), for plaintiff-appellant.

John C. Chambers, Amarillo, Tex., for Gates.

Bill W. Waters, Pampa, Tex., for Jordan.

Before GEWIN, THORNBERRY and SIMPSON, Circuit Judges.

PER CURIAM:

The district court on motion without hearing dismissed the *pro se* complaint under Title 42 U.S.C. Sec. 1983 of plaintiff-appellant, a state prisoner of the Negro race. Suing R. H. Jordan, the Sheriff of Gray County, Texas, and Dr. Joseph W. Gates, the medical examiner for that county, Robinson alleged deprivation of civil rights under color of state law arising from inadequate medical treatment accorded him by Dr. Gates while he was detained in Sheriff Jordan's custody from October 8, 1967 to February 9, 1968, awaiting trial for murder. After several requests Robinson was seen at least twice by Dr. Gates, who diagnosed his severe rectal pains as caused by hemorrhoids. Digital examination was rejected by Robinson as too painful and he was refused X–Rays and other clinical tests. It is alleged that the doctor coupled his refusal with an insulting slur on Robinson's race. The rectal suppositories supplied by Dr. Gates did not alleviate his suffering and he alleges he plead guilty on February 8, 1968 to murder in order to get out of Sheriff Jordan's jail and secure treatment in the Texas State Department of Correction. On April 10, 1968, a prison doctor diagnosed Robinson's condition as advanced rectal cancer, removed a portion of his colon and left him with an open colostomy.

 Robinson seeks money damages under Section 1983, alleging negligence in treating him, denial of medical treatment, and discrimination against him. The trial judge concluded that assuming proof of all facts alleged, and viewing them in the light most favorable to the appellant, he would be entitled to no relief. Recognizing that court interference in jail administrative problems is justified only in "exceptional cases" Granville v. Hunt, 5 Cir. 1969, 411 F.2d 9, 12 and that in the area of medical treatment prison officials have a "broad discretion" under the civil rights statutes, Haskew v. Wainwright, 5 Cir. 1970, 429 F.2d 525, 526, we nonetheless believe that a full evidentiary hearing of this claim is mandated by the concept of liberal notice pleading,[1] particularly as enforced by the civil rights context here present.[2] This complaint may not be viewed under a narrow negligence or medical malpractice concept. A constitutional violation is asserted, however inartfully, of denial of essential medical care while detained awaiting trial.[3]

 The trial judge alternatively stated: "It additionally appears that a doctor hired to treat prisoners is not acting under color of state law and hence is immune from malpractice suits under Section 1983 as would be a court-appointed attorney". This holding was

1. Conley v. Gibson, 1951, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80.

2. Haines v. Kerner, 1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652; Jiminez v. Beto, 5 Cir. 1972, 468 F.2d 616; Campbell v. Beto, 5 Cir. 1972, 460 F.2d 765, 767–768; Piper v. Hauck, 5 Cir. 1972, 455 F.2d 1383; Hughes v. Noble, 5 Cir. 1961, 295 F.2d 495.

3. Cf. Whirl v. Kern, 5 Cir. 1968, 407 F.2d 781, cert. denied 1969, 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177; Anderson v. Nosser, 5 Cir. 1971, 438 F.2d 183, modified, en banc, 5 Cir. 1972, 456 F.2d 835.

erroneous since Dr. Gates acted solely in his official capacity as a county health officer in treating appellant. This was state action. Under a Texas statute, Vernon's Ann.Tex.Civ.St. art. 4423 (1966) the Sheriff had a statutory duty to provide medical care to Robinson, a county jail detainee.[4] Dr. Gates was not acting as a private physician but treated Robinson at the Sheriff's request because of his official employment.

The cases relied on by the district judge holding that suits may not be maintained under Section 1983 against privately retained attorneys[5] or court-appointed attorneys[6] are inapposite. Robinson's detention prevented his seeking a physician of his choice. He did not enjoy the option of dismissing his doctor and securing another such as that open to a client dissatisfied with an attorney, appointed or retained. He was required to depend totally upon Dr. Gates, the county physician. Further, unlike the situation in the cases dealing with suits against attorneys, this case involves more than a claim of negligence or ineffective assistance: gross misconduct causing severe permanent bodily injury and aggravated by racial prejudice is the charge brought against Dr. Gates. He must be required to respond.

We find it unnecessary to reach and hence express no views with respect to appellant's contention that Robinson, as a detainee awaiting trial, was or may be entitled to a higher degree of medical care than a convicted prisoner. This is a matter for initial consideration by the lower court.

The judgment appealed from is vacated and this cause is remanded for further proceedings consistent herewith.

Vacated and remanded.

4. The Texas Attorney General has recognized this obligation:
". . . It is the duty of the county health officer at the request of the Commissioners' Court, the sheriff or other proper authorities to attend and render medical assistance to prisoners confined in the county jail and said officers may be allowed any reasonable compensation by the Commissioners' Court for such services actually rendered." Op.Tex.Atty.Gen. 0-3191 (1941).

5. Nelson v. Stratton, 5 Cir. 1972, 469 F.2d 1155.

6. O'Brien v. Colbath, 5 Cir. 1972, 465 F.2d 358; Gittlemacker v. Pennsylvania, E.D.Pa. 1968, 281 F.Supp. 175, aff'd, 3 Cir. 1969, 413 F.2d 84, cert. denied 1970, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691.