John C. HENDERSON, Plaintiff-
Appellant,

v.

Warden, THROWER, etc., et al., etc.,
Defendants-Appellees.

No. 73-3788
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 12, 1974.

John C. Henderson, pro se.

William H. Brigham, County Atty., Chandler Kite Stanard, Mobile, Ala., for defendants-appellees.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

■ For some three weeks in June of 1973 plaintiff Henderson, a federal prisoner usually confined at the Atlanta Penitentiary, was temporarily placed in the Mobile, Alabama city jail while hearings were conducted on his motion to supplement the record in a federal appeal. After his return to Atlanta, plaintiff brought the present action against various jail officials in the United States District Court for the Southern District of Alabama under 42 U.S.C. § 1983. Henderson sought monetary and injunctive relief for alleged deprivation of adequate medical care during his brief stay. The district court dismissed the complaint for failure to state a claim, noting that:

> ". . . the United States Marshal was instructed to place the plaintiff in the Mobile City Jail for care and safekeeping, in accordance with the Federal Contract No. Jlc-23558 between the City of Mobile and United States of America, United States Department of Justice, Bureau of Prisons, Washington, D. C. Defendants were thus not acting under color of State law, but were providing for the care and safekeeping of the plaintiff in accordance with the Federal Contract. . . ."

Finding that the district court measured plaintiff's allegations against an erroneous legal standard, we reverse.

In Tolbert v. Bragan, 5 Cir. 1971, 451 F.2d 1020, this Court upheld the right of an individual convicted for violation of federal law and housed temporarily in a county jail to challenge the conduct of his keepers in a suit under § 1983. In determining the question of the defendants' liability for jailhouse care, we concentrated, not on the particular circumstances which brought the plaintiff under state control, but rather on the fact

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

of that control and the manner of its exercise.

 It does not appear from the brief statement of facts in *Tolbert* that the prisoner's lodging in that case as in the case at bar, had been provided under the formal arrangements with local officials permitted by 18 U.S.C. § 4002 [1]. However, the existence of such a contract between the City of Mobile and the federal government neither requires nor permits deviation from the *Tolbert* line here. As the Supreme Court pointed out in Logue v. United States, 1973, 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121, these agreements between the Bureau of Prisons and state officials, though imposing an obligation on the national government to inspect the state facilities to insure proper conditions, in no way authorize federal interference with the operation of the prisons or jails. Control of the inmates, state and federal, rests in the local authorities. Defendants in this action—the warden, associate warden, prison physician, and jailors—supervised and treated all prisoners in the Mobile City Jail by virtue of the positions conferred on them by the city, a creature of the State of Alabama. They cannot now escape liability under § 1983 on the basis of plaintiff's peculiar status.[2]

Reversed and remanded.

1. The statute provides in part that:
   "For the purpose of providing suitable quarters for the safekeeping, care, and subsistence of all persons held under authority of any enactment of Congress, the Director of the Bureau of Prisons may contract, for a period not exceeding three years, with the proper authorities of any State, Territory, or political subdivision thereof, for the imprisonment, subsistence, care, and proper employment of such persons."

2. Of course, not every prisoner contention of improper medical treatment while in state institutions makes out a claim under 42 U.S.C. § 1983. Prison officials are invested with broad discretion in the area of medi-

cal care. We have previously held that a district court may dismiss even a *pro se* petition for failure to state a claim in the absence of some allegation of misconduct rising to the level of an abuse of that discretion. Robinson v. Jordan, 5 Cir. 1974, 494 F.2d 793, [1974]; Lawrence v. Wainwright, 5 Cir. 1971, 440 F.2d 379; Haskew v. Wainwright, 5 Cir. 1970, 429 F.2d 525. Due to its misconception of the law discussed above, the district court never passed on the sufficiency of plaintiff's complaint when measured against that standard; and we have not, therefore, reached the matter on this appeal.

\* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.