**Joseph DEAS, Jr., Appellant,**

v.

**Attorney Jack POTTS, Appellee.**

**No. 76–2390.***

United States Court of Appeals,
Fourth Circuit.

Submitted Oct. 1, 1976.

Decided Dec. 14, 1976.

Joseph Deas, Jr., appellant pro se.

Jack Potts, appellee pro se.

Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

PER CURIAM:

Joseph Deas, Jr., seeks to sue under 42 U.S.C. § 1983 the attorney whom he retained to represent him in a criminal matter. He alleges that his representation operated to deprive him of his constitutionally guaranteed right to the effective assistance of counsel, and, further, that the defendant failed to return $1,000 to Deas after he was discharged. The complaint seeks recovery of this $1,000 as well as additional amounts in compensatory and punitive damages.

A private attorney who is retained to represent a criminal defendant is *not* acting under color of state law, and therefore is not amenable to suit under § 1983. *Nelson v. Stratton,* 469 F.2d 1155 (5th Cir. 1972), *cert. denied,* 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed.2d 691 (1973); *Szijarto v. Legeman,* 466 F.2d 864 (9th Cir. 1972); *Shelton v. Randolph,* 373 F.Supp. 448 (W.D.Va.1974). Deas may—if he so desires—attack his conviction on the basis of ineffective representation of counsel by filing pursuant to 28 U.S.C. § 2254 a petition for writ of habeas corpus.

Accordingly, leave to proceed in forma pauperis is granted and the judgment of the district court is affirmed.

* Formerly 76–8258.