**John Calvin HALL, Appellant,**

v.

**Clendenin G. QUILLEN, and William L. Griggs, M. D. and Alice Shelton, Gate City, Virginia, administratrix of the estate of Albert Mack Shelton, deceased, Appellees.**

**No. 78–1412.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 8, 1979.

Decided Oct. 17, 1980.

Gerald L. Gray, Clintwood, Va., for appellant.

William W. Eskridge, Abington, Va. (Penn, Stuart, Eskridge & Jones, Abington, Va., on brief), Frederick W. Adkins, Norton, Va. (Cline, McAfee, Adkins & Glinnenwater, Norton, Va., on brief), for appellees.

Before WINTER, RUSSELL and WIDENER, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

This is a § 1983, 42 U.S.C., action against the judge who heard and issued an order for the plaintiff's involuntary commitment to the Southwestern State Hospital (Virginia), the physician who, under court appointment, examined him, in connection with the disposition of such proceedings, and the attorney who represented him in those proceedings. The district court, in a carefully considered opinion, dismissed the action against all three defendants on the ground

of immunity.[1] The plaintiff has appealed. We affirm, though not precisely on the grounds stated by the district court.

The plaintiff does not contest seriously the dismissal of the action against the judge. This is understandable in view of the recognized immunity enjoyed by judicial officers. He takes issue, however, with the dismissal of the actions against the physician and the attorney on immunity grounds. By a supplemental brief, he urges that the decision of the Supreme Court in *Ferri v. Ackerman*, (1979) 444 U.S. 193, 202–204, 100 S.Ct. 402, 408–409, 62 L.Ed.2d 355, decided subsequent to the decision below, as well as subsequent to oral argument in this court, undercut the continued vitality of *Minns v. Paul*, on which the district court had relied in absolving the physician and attorney of any liability on immunity grounds, and he urges reversal as to these defendants on the basis of *Ferri*. We do not agree that the decision in *Ferri* requires reversal.

It may be conceded that *Ferri* does cast serious doubt on the continued vitality of the *Minns* immunity doctrine in this context, and were immunity the only issue in the case we would be disposed to view with greater favor the plaintiff's claim. But immunity as a defense only becomes a relevant issue in a case such as this under § 1983 if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. *Martinez v. California*, (1980) 444 U.S. 277, at 283–285, 100 S.Ct. 553, at 558–59, 62 L.Ed.2d 481, at 488–89.

The sole question considered in *Ferri* was not whether there was state action within the coverage of § 1983 but whether, by virtue of the federal court appointment of counsel, federal laws so pre–empted the question of such counsel's liability arising out of his representation under the appointment that a state action for malpractice in connection with that representation was precluded on federal immunity grounds. Thus Mr. Justice Stevens in his opinion said (444 U.S. at 197, 100 S.Ct. at 405):

> "The narrow issue presented to this Court is whether federal law in any way pre–empts the freedom of a State to decide the question of immunity in this situation in accord with its own law."

In short, the issue in *Ferri* was simply whether private counsel, appointed by a federal court, thereby acquired absolute immunity from a state–recognized and state–established action for malpractice in that representation. That issue and that issue only was involved and that issue alone was decided in *Ferri*.

Accordingly, the initial and threshold issue here is not immunity but whether a state–appointed counsel or physician can be liable under § 1983 in an action in federal court, or, otherwise stated, is the representation by the counsel and the action of the physician in such a situation state action? This was a question on which we reserved decision in *Minns v. Paul* but it is a question that other circuit courts, with complete unanimity, have answered by declaring unequivocally that there is a lack of state action in such a situation, and, consequently, no liability under § 1983. *Jackson v. Salon*, (1st Cir. 1980) 614 F.2d 15, 17;[2] *Housand v. Heiman*, (2d Cir. 1979) 594 F.2d 923, 925–26; *United States ex rel. Simmons v. Zibilich*, (5th Cir. 1976) 542 F.2d 259, 261;

---

1. It relied on *Pierson v. Ray*, (1967) 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288, for denial of the action against the judge, on *Duzynski v. Nosal*, (7th Cir. 1963) 324 F.2d 924, primarily for dismissal of the action against the physician, and on *Minns v. Paul*, (4th Cir. 1976) 542 F.2d 899, *cert. denied*, 429 U.S. 1102, 97 S.Ct. 1127, 51 L.Ed.2d 552 (1977), for dismissal of the action against counsel, as well as that against the physician.

2. In this case, the Court added by way of a note:

> "Other courts have also held that court–appointed attorneys do not act under color of law (citing cases). Indeed, we know of no court of appeals which has held the contrary."

*Harkins v. Eldredge,* (8th Cir. 1974) 505 F.2d 802, 803; *Espinoza v. Rogers,* (10th Cir.. 1972) 470 F.2d 1174, 1175;[3] *Szijarto v. Legeman,* (9th Cir. 1972) 466 F.2d 864; *Thomas v. Howard,* (3d Cir. 1972) 455 F.2d 228, 229; *Milligan v. Schlachter,* (6th Cir. 1968) 389 F.2d 231, 233. For decisions to the same effect within our Circuit, though not by us, *see Johnson v. Harris,* (D.Md. 1980) 483 F.Supp. 710, 712; *Shelton v. Randolph,* (W.D.Va.1974) 373 F.Supp. 448, 449; *Wood v. Commonwealth of Virginia,* (W.D. Va.1971) 320 F.Supp. 1227, 1229; *Vance v. Robinson,* (W.D.N.C.1968) 292 F.Supp. 786, 788. There is nothing in the *Ferri* opinion remotely suggesting that this established principle, so often repeated, was erroneous; in fact, the clear implication of its language is to the contrary. *See Johnson v. Harris, supra,* 483 F.Supp. at 712. We accordingly conclude that, whether the physician and the lawyer in this case enjoy immunity or not, under the principles suggested in *Ferri,* they were entitled to the dismissal of plaintiff's § 1983 action against them for want of state action.

For the reasons set forth above the judgment of the district court is

*AFFIRMED.*

WINTER, Circuit Judge, concurring in part and dissenting in part:

While I agree that dismissal of the action against the judge was proper because the judge was immune from suit for actions taken in the performance of his judicial function, I dissent from the holding that suit against the court–appointed lawyer and the court–appointed physician should be dismissed because their actions did not amount to state action.

The lawyer and the physician were each appointed by the court to render professional services to plaintiff. Plaintiff did not select either of them. Their appointment was required by Virginia law. Va.Code § 37.1–67.3 (1976). They were compensated from public funds. Va.Code §§ 37.1–67.4 and 37.1–89. Of course their services were to plaintiff, but their services were performed to satisfy the requirements of a state statute. I would hold that, in the performance of their services, they acted under color of state law.

I recognize that the numerical weight of authority is opposed to my views, but I think that the better view is expressed in *Dodson v. Polk County,* 628 F.2d 1104 (8 Cir. 1980); *Robinson v. Bergstrom,* 579 F.2d 401 (7 Cir. 1978); and *Robinson v. Jordan,* 494 F.2d 793 (5 Cir. 1974). *See also,* Note, Liability of Public Defenders Under Section 1983, 92 Harvard L.Rev. 943 (1979).

---

3. This case involved a public defender as did *United States ex rel. Simmons v. Zibilich, supra,* 542 F.2d 259. The court in both of those cases found no state action. *See* however, *Robinson v. Bergstrom,* (7th Cir. 1978) 579 F.2d 401, 404–08.