812 F.2d 1402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Raymond WAGSTAFF-EL, Plaintiff-Appellant,
v.
RUPPERSBERG, WHITE, WINTER, CLARK, MISTER, in its official
capacity, as a law firm and organization; David Mister,
individually and in his official capacity; Cynthia Miller
(Winkler), Defendants-Appellees.
 No. 86-7292.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 24, 1986.
Decided Feb. 23, 1987.
 
 Before PHILLIPS, SPROUSE and CHAPMAN, Circuit Judges.
 Raymond Wagstaff-El, appellant pro se.
 Michael John Jack, Donald James McCartney, Smith, Somerville & Case, for appellees.
 PER CURIAM:
 
 
 1
 Raymond Wagstaff-El appeals the entry of judgment in favor of David Mister, the attorney appointed to represent him in his 1981 bank robbery trial; Ruppersberg, White, Winter, Clark & Mister, the law firm of which Mister is a member; and Cynthia Miller, Mister's former secretary, in this suit brought under 42 U.S.C. Sec. 1983. In the complaint Wagstaff-El alleged:
 
 
 2
 David Mister as a representative of Ruppersberger [sic], White, Winter, Clark & Mister conspired with his secretary Cynthia Miller (Winkler) his agent of the law firm in taking over and controlling the judicial process, thus violating the due process clause to the 14th and 6th amendment. In addition, he offer perjury [sic] testimony in my civil evidenciary [sic] hearing on May 22, 1984 according to his letters dated 9/9/81 & 9/11/81.
 
 
 3
 The district court entered judgment for the defendants on the ground that Wagstaff-El's complaint was barred by the statute of limitations. Wagstaff-El v. Ruppersberg, White, Winter, Clark, Mister, C/A No. 86-314 (D.Md., Sept. 11, 1986). We affirm the district court's decision, but on alternative grounds. Mister, Miller and the law firm did not act under color of state law. See Hall v. Quillen, 631 F.2d 1154 (4th Cir.1980), cert. denied, 454 U.S. 1141 (1982) (court-appointed counsel's representation is not state action); Lugar v. Edmonson Oil Co., Inc., 457 U.S. 922 (1982) (to fulfill state action requirement, deprivation must result from exercise of right or privilege created by state, and actor's behavior must be attributable to state); cf. Dennis v. Sparks, 449 U.S. 24 (1980) (private defendant acts under color of state law if he acts jointly with state). Moreover, Mister and Miller enjoyed absolute immunity with respect to their testimony at Wagstaff El's evidentiary hearing in his Sec. 2255 proceeding. See Briscoe v. LaHue, 460 U.S. 325 (1983).
 
 
 4
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively and affirm the judgment below.
 
 
 5
 AFFIRMED.