820 F.2d 1219
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Robert LAY, Plaintiff-Appellant,
v.
John N. PRICE, Defendant-Appellee.
 No. 86-6787.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 12, 1986.
Decided June 8, 1987.
 
 Before RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 John Robert Lay, appellant pro se.
 PER CURIAM:
 
 
 1
 John Robert Lay, a Virginia inmate, appeals from the order of the district court which denied him relief pursuant to 42 U.S.C. Sec. 1983. Lay alleges that his court-appointed attorney provided ineffective assistance at his criminal trial. The district court correctly held that a court-appointed attorney cannot be sued under Sec. 1983, because he does not act "under color of state law." Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir.1980), cert. denied, 454 U.S. 1141 (1982). Because Lay could not possibly succeed in this suit, the district court dismissed it under 28 U.S.C. Sec. 1915(d). We affirm.
 
 
 2
 Lay has also petitioned this Court for leave to proceed against his attorney with the American Bar Association and the Fairfax County Bar Association. It is not necessary to obtain this Court's leave in order to begin such proceedings.
 
 
 3
 Lay has asked that this Court issue a writ of mandamus to itself ordering itself to allow Lay to present his claims in person before the Court. The remedy of mandamus is one to be used only in extraordinary situations, where a petitioner has shown his clear and indisputable right to its issuance, and is largely a matter of discretion with the court to which the petition is addressed. Kerr v. United States District Court, 426 U.S. 394 (1976). The fact that none of Lay's six suits brought under Sec. 1983 have been decided in his favor does not create the sort of extraordinary situation which mandamus is designed to remedy.
 
 
 4
 Lay requests leave to file a petition for a writ of certiorari to the United States Supreme Court. 28 U.S.C. Sec. 2101(c) provides that a petition for this writ shall be applied for within ninety days after the entry of the judgment or order for which review is desired. The petition is filed with the Supreme Court, and leave to file need not be obtained from this Court.
 
 
 5
 After filing an informal brief in this case, Lay filed a motion for permission to file a formal brief. This motion was denied by the clerk of this Court. The authority to deal with this type of procedural motion is granted to the clerk by Fed.R.App.P. 27(b). Any party adversely affected by the clerk's action may apply to the Court for consideration, modification or vacation of such action. If we view Lay's recently filed motions as an application for review of the clerk's action, we find that the motion for permission to file a formal brief was properly denied. The issues which Lay wished to pursue on appeal were adequately addressed in his informal brief.
 
 
 6
 For the above-stated reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record, and it would not significantly aid the decisional process.
 
 
 7
 AFFIRMED.