**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BILLY RAY COPLEY,

Plaintiff-Appellant,

v.

B. CRAIG ELLIS; STEVE BIBEY; LANE
CARTER; JAMES W. WISE; SHERWOOD

LAPPING; MR. SMITH; ROBERT S.
EWING; MALCOLM W. OWINGO;
D. A. KELLY; PAUL S. HELMS;
MARY E. MCKETTER,

Defendants-Appellees.

No. 96-7931

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CA-96-1006-F)

Submitted: May 29, 1997

Decided: June 11, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Billy Ray Copley, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Billy Ray Copley appeals the district court's order denying relief
on his complaint under 42 U.S.C. § 1983 (1994). He alleges that
weapons belonging to him were confiscated and destroyed. The dis-
trict court dismissed the action as frivolous on grounds that, as the
events complained of occurred in 1982, the statute of limitations
barred the claims. As Copley notes on appeal, the events complained
of occurred in 1992-1993. But Copley admits he voluntarily turned
the weapons over to police. After his criminal conviction, the weap-
ons were destroyed at the order of the sentencing judge, though Cop-
ley alleges he asked his court-appointed attorneys to recover them.

Copley handed over his weapons to the police in an effort to con-
vince a domestic judge to return Copley's children to his home.
Therefore, he has no claim against the police. The judge who ordered
the guns destroyed after Copley's criminal conviction, and the sheriff
who acted at his direction, are immune from the action. Stump v.
Sparkman, 435 U.S. 349, 356-57 (1978); cf. McCray v. Maryland,
456 F.2d 1, 4-5 (4th Cir. 1972) (court clerk may enjoy derivative
immunity when acting at the direction of a judge). Copley's court-
appointed attorneys are not amenable to suit under§ 1983 as they did
not act under color of state law. Hall v. Quillen, 631 F.2d 1154, 1155-
56 (4th Cir. 1980).

Therefore, the complaint was subject to summary dismissal, 28
U.S.C.A. § 1915A (West 1994 & Supp. 1997), and the appeal is frivo-
lous. We dispense with oral argument because the facts and legal con-
tentions are adequately presented in the materials before the court and
argument would not aid the decisional process.

DISMISSED

2