**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**No. 18-6340**

ANTHONY MARCANTONI,

       Plaintiff - Appellant,

    v.

POLICE COMMISSIONER FREDERICK H. BEALEFELD, III; STATE'S ATTORNEY GREGG L. BERNSTEIN; DETECTIVE STEVEN SODD; DETECTIVE TOLAND; HARRIS CORPORATION; ATTORNEY STEVEN H. LEVIN,

       Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge. (8:18-cv-00134-PX)

Submitted: August 3, 2018                  Decided: August 16, 2018

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated and remanded in part by unpublished per curiam opinion.

Anthony J. Marcantoni, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony J. Marcantoni filed a 42 U.S.C. § 1983 (2012) complaint against Frederick H. Bealefeld, III, Commissioner of the Baltimore Police Department (BPD); Gregg L. Bernstein, State's Attorney for Baltimore City; Steven Sodd and Detective Toland, BPD detectives; Harris Corporation; and Steven H. Levin. Marcantoni alleged that the Defendants conspired to violate his Fourth Amendment rights through the use of a Stingray cell-site locator device to discover his cell phone and its location within his home. The district court dismissed Marcantoni's complaint without prejudice based on *Heck v. Humphrey*, 512 U.S. 477 (1994), and denied Marcantoni's Fed. R. Civ. P. 59(e) motion for reconsideration. Marcantoni now appeals. For the reasons that follow, we affirm in part and vacate in part.

Pursuant to the Prison Litigation Reform Act, a district court "shall dismiss [a] case at any time" if the action "is frivolous or malicious, or [] fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B) (2012). We review a dismissal pursuant to § 1915(e)(2)(B) de novo, accepting all well-pleaded facts as true. *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or otherwise invalidated. 512 U.S. at 486-87. Thus, in a § 1983 suit, a district court is required to consider whether a judgment in favor of the plaintiff would necessarily imply the

2

invalidity of the conviction; if so, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Id.* Some claims, however, will not necessarily imply the validity of a conviction, such as "a suit for damages attributable to an allegedly unreasonable search[,] even if the challenged search produced evidence that was introduced in a [] criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Id.* at 478 & n.7.

Specifically, a Fourth Amendment claim will not necessarily imply that the resulting criminal conviction is unlawful if "(1) the conviction derives from a guilty plea rather than a verdict obtained with unlawfully obtained evidence, and (2) the plaintiff does not plead facts inconsistent with guilt." *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015). Here, the claimed Fourth Amendment violation does not necessarily imply the invalidity of Marcantoni's criminal conviction. Marcantoni pleaded guilty to the charge and in his complaint does not assert facts inconsistent with guilt. Therefore, the district court erred in dismissing his complaint as barred by *Heck*.

However, "we may affirm on any grounds apparent from the record." *United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017) (internal quotation marks omitted). Pursuant to § 1983, any person who, under color of state law, subjects or causes to be subjected any United States citizen to the deprivation of any right secured by the United States Constitution shall be liable to the party injured. *Cox v. Duke Energy*, Inc., 876 F.3d 625, 632 (4th Cir. 2017). Thus, private actors are not amenable to suit under § 1983. *Id.* In addition, private attorneys do not act under color of state law and a § 1983 suit may not be maintained against an attorney based on his representation. *See Hall v.*

3

*Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980). Therefore, Marcantoni's claims against the Harris Corporation, a private company, and Steven Levin, Marcantoni's defense attorney in his underlying criminal proceedings, must fail as a matter of law.

We therefore affirm the district court's order insofar as it dismissed these Defendants from the suit, vacate the order with respect to the remaining Defendants, and remand for further proceedings. We express no opinion regarding the merits of the claims against the remaining Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED IN PART;*
*VACATED AND REMANDED IN PART*