Leon F. RICH et al., Plaintiffs,
Appellants,

v.

George A. ZITNAY et al., etc.,
Defendants, Appellees.

No. 80–1426.

United States Court of Appeals,
First Circuit.

Submitted Oct. 10, 1980.

Decided March 13, 1981.

Leon F. Rich on-brief, pro se.

William H. Laubenstein, III, Asst. Atty. Gen., Augusta, Me., on brief for appellees.

Before COFFIN, Chief Judge, and CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

Plaintiffs-appellants were convicted of crimes in Maine state courts and, until 1978, incarcerated at the Maine State Prison. Both were administratively determined to be security risks at the Maine prison and transferred in 1978 to the federal prison at Leavenworth, Kansas. *See* 18 U.S.C. § 5003; 34 M.R.S.A. § 707. The only issue presented in this appeal is whether the district court properly dismissed plaintiffs' claim that defendant Maine corrections officials were not providing sufficient legal research materials to insure plaintiffs' meaningful access to the courts for post-conviction relief as required by *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), and other cases.

From the *pro se* complaint, brought under 42 U.S.C. § 1983, it appears that both plaintiffs are anxious to prepare petitions for post-conviction relief for submission to the Maine state courts. Plaintiffs allege, however, that they are unaided by counsel and the prison at Leavenworth "has absolutely no Maine law in its library." Appellant Littlefield wrote to defendant Zitnay, the Commissioner of Mental Health and Corrections, asking that he supply a small library of Maine law, including "the old Maine Revised Statu[t]es, the new criminal code

[and] Atlantic Reporters up to date." Littlefield's letter was answered by C.M. Macgowan, the corrections department's "Chief Advocate," an employee described by the district court as "a nonattorney who acts as spokesperson for inmates within the Department." Macgowan wrote:

"I agree that the State of Maine has an obligation to provide basic legal information to you. But your request is far to[o] comprehensive for the State of Maine to legitimately attempt to meet your request. If you would indicate more specifically what areas of Maine Law you intend to research, I would be happy to attempt to develop basic information in those areas. I also wish you to be aware that for specific information on cases or laws, you may contact the University of Maine School of Law and, providing specific and proper citations are given, the law school will also forward information regarding the areas you indicated."

The complaint alleged apropos of this offer that "Littlefield is unable to give specific citations because he does not have the law books necessary to do any research and the books he requested are the basic essential tools for which to gain specific law and citations."

The district court dismissed the complaint for failure to state a claim:

As the Supreme Court has held, 'the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or adequate assistance from persons trained in the law.*' *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977) (emphasis supplied). Prisoners transferred to another facility almost certainly have the same right. And the State of Maine has recognized a duty to assure transferred inmates their right of access, both in Section 707 and the Policy Guidelines. But the State need not supply every inmate a law library, as long [as] it supplies a reasonable alternative to assure meaningful access.

*United States v. West,* 557 F.2d 151, 152–53 (8th Cir. 1977) (per curiam). Such reasonable alternatives may include assistance by paralegals or law students as well as attorneys. *Bounds v. Smith, supra,* 430 U.S. at 830–31, 97 S.Ct. at 1499–1500; *Williams v. Leeke,* 584 F.2d 1336, 1340 (4th Cir. 1978). Without any allegations of fact suggesting why the alternative to a law library offered by the State is inadequate, Count IV cannot be read to state a claim and must be dismissed.

■ At the threshold we are met by appellees' contention that plaintiffs have sued the wrong parties. According to appellees' argument, the transferred prisoners are now within the care and custody of Leavenworth authorities, *see* 18 U.S.C. § 5003, and it is to these officials that plaintiffs should look for relief. Appellees cite no cases deciding this issue and our own research has disclosed none.

The argument is superficially attractive. If plaintiffs' complaint were an unconstitutional lack of necessities such as food or heat it appears that they should ordinarily sue their present custodians for relief. In such a case the federal district court in Kansas rather than in Maine would be better equipped to assess the situation and order complete relief. The Leavenworth prison officials, as the prisoners' immediate custodians, would also be the proper parties for remedying the wrong. The same reasoning initially appears applicable with respect to adequate library and other legal research facilities. However, the one case we have found with facts comparable to those of the present appeal seems to have assumed without question that the sending authorities (here the Maine appellees) retain responsibility for the research and legal assistance accouterments of prisoners. *See Hohman v. Hogan,* 458 F.Supp. 669 (D.Vt.1978); *cf. Beshaw v. Fenton,* 635 F.2d 239, 241 n.2 (3d Cir. 1980) (citing cases) (question of who has custody of transferred prisoner in habeas corpus case is ambiguous); *Battista v. Kenton,* 312 F.2d 167, 168 n.1 (2d Cir. 1963) (state prisoner transferred to federal custody remains state prisoner

for habeas corpus purposes); *Hoitt v. Vitek*, 361 F.Supp. 1238, 1248–49 (D.N.H.1973), *aff'd.*, 495 F.2d 219 (1st Cir. 1974). The assumption that sending state officials retain responsibility stems perhaps from the fact that "[t]he fundament underlying the right of access to legal materials is the right of access to the courts. This is the lodestar that guides our course." *Cruz v. Hauck*, 515 F.2d 322, 331 (5th Cir. 1975), *cert. denied*, 424 U.S. 917, 96 S.Ct. 1118, 47 L.Ed.2d 322 (1976), *citing Souza v. Travisono*, 498 F.2d 1120, 1123 n.6 (1st Cir. 1974). Here it is the Maine state courts to which appellants seek meaningful access. A federal court, in fashioning relief to insure such access, might necessarily have to call on Maine rather than Leavenworth authorities to supply professionals trained in Maine criminal law. Or the most ready sources of pertinent legal research materials may be found only in Maine. In view of the likelihood that Maine officials will necessarily have to play a role in the remedy and because of the fundamental nature of the right involved, we think that Maine authorities may not wash their hands of their obligation to insure access to Maine courts simply by transferring a prisoner out of state; *See Inmates of Suffolk County Jail v. Eisenstadt*, 494 F.2d 1196, 1198–99 (1st Cir.), *cert. denied*, 419 U.S. 977, 95 S.Ct. 239, 42 L.Ed.2d 189 (1974); 34 M.R.S.A. § 707 (transferred prisoner retains "his right to legal process in the courts of this State"). They are therefore properly defendants.[1]

We turn then to the question of whether the district court properly dismissed because appellants had not adequately alleged lack of access. Appellants claimed that at Leavenworth they were without counsel or books concerning Maine law. They included the correspondence from advocate Macgowan, quoted *supra*. The district court evidently would have appellants go one step further, showing why Macgowan's offer was inadequate. We think that the court improperly shifted to plaintiffs a burden more appropriately allocated to the state.

▬▬ While undoubtedly prisoners alleging a lack of judicial access must make a *prima facie* showing, the ultimate burden of proving that the avenues of research and/or legal or paralegal aid are adequate rests with the state. *See Bounds v. Smith, supra*, 430 U.S. at 824, 97 S.Ct. at 1496; *Johnson v. Avery*, 393 U.S. 483, 489, 89 S.Ct. 747, 750, 21 L.Ed.2d 718 (1969); *Cruz v. Hauck, supra*, 515 F.2d at 382; *Novak v. Beto*, 453 F.2d 661, 664 (5th Cir. 1971).

Here plaintiffs pleaded enough when they alleged that they were without counsel or a library containing Maine law. The state defendants made no sufficient showing that adequate alternatives existed. Macgowan is evidently not a lawyer and the record contains no information bearing on Macgowan's legal training or supervision. It cannot be said, therefore, simply on the basis of the pleadings and correspondence before the court, that Macgowan's proffered assistance will be constitutionally adequate. *See Bounds v. Smith, supra*, 430 U.S. at 828, 97 S.Ct. at 1498. Furthermore, the requirement that plaintiffs supply precise citations to the University of Maine Law School is obviously a Catch 22.

We therefore vacate and remand. We need not state precisely what showing the state defendants must make or what facilities need be provided either in Kansas or Maine. *See generally Bounds*, 430 U.S. at 830–32, 97 S.Ct. at 1499–1500; *Nadeau v. Helgemoe*, 561 F.2d 411, 418 (1st Cir. 1977); *Hohman v. Hogan, supra.* Such a determination is fact-sensitive and for the district court to make in the first instance after evaluating the extent of personnel and facilities available to appellants at Leaven-

---

1. We also think that Leavenworth authorities would be proper defendants in a case brought in a court of appropriate jurisdiction. Receiving as well as sending officials share responsibility for insuring prisoners' access to the courts. *Cf.* 18 U.S.C. § 5003(a); 28 C.F.R. § 543 (1979); *Henderson v. Thrower*, 497 F.2d 125 (5th Cir. 1974); *Tolbert v. Bragan*, 451 F.2d 1020 (5th Cir. 1971).

worth and in Maine.[2] We also leave to the district court the issues of whether Leavenworth officials should or may be joined as defendants and whether the cause should be transferred to another district.

*Vacated and remanded.*

2. While the evaluation to be made by the court is fact-sensitive, we do not suggest that the issues in the case may not be resolved by summary judgment based on proper affidavits or documentation. We hold only that these *pro se* plaintiffs have pleaded a claim under 42 U.S.C. § 1983.