KEITH BENJAMIN, Plaintiff

v.

EDWIN POTTER, RICHARD SCHRADER, OHANIO
LAWRENCE and PAUL SAMUEL,
Defendants

Civil No. 1983/246

KENNETH BROWN, ALSTON LAMBERTIS, ANTONIO
ROSADO, Plaintiffs

v.

NORMAN CARLSON, EDWIN POTTER,
S. DEAN JOHNSON, Defendants

Civil No. 1983/266

District Court of the Virgin Islands

Div. of St. Croix

May 13, 1986

KEITH BENJAMIN, Lompoc, CA, *plaintiff, pro se*

JOYCE GLASON O'REILLY, ESQ., Assistant Attorney General (Department of Law), St. Croix, V.I., *for defendants Potter, Schrader, Lawrence and Samuel*

KENNETH BROWN, Leavenworth, KS, *plaintiff, pro se*

ALSTON LAMBERTIS, Leavenworth, KS, *plaintiff, pro se*

ANTONIO ROSADO, Leavenworth, KS, *plaintiff, pro se*

BRUCE MARSHACK, ESQ., Spec. Asst., U.S. Attorney (U.S. Attorney's Office), St. Croix, V.I., *for defendants Carlson and Johnson*

CORNELIUS EVANS, ESQ., Assistant Attorney General (Department of Law), St. Croix, V.I., *for defendant Potter*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

These civil rights cases require us to define the perimeters of a prisoner's right of access to Virgin Islands legal research materials and then fashion a remedy for its violation. The former issue entails a well-settled principle of constitutional law and is readily resolved.

But we will defer the latter question, in the first instance, to the Government.

# I. FACTS

The plaintiffs are prisoners convicted under the criminal statutes of the Virgin Islands and incarcerated in federal prisons.[1] We have consolidated these suits because they present the same question: whether the failure of prison authorities to provide the plaintiffs with the legal research materials of the territory violates their civil rights.

# II. DISCUSSION

Before addressing this issue, several threshold matters must first be resolved. In Civ. No. 83-266, the United States is a named defendant and now moves to dismiss the complaint against it on the grounds that no cognizable claim has been stated. Fed. R. Civ. P. 12(b)(6). We will grant this motion.

■■ It is well established that a local prison authority remains responsible for the maintenance of its prisoners after they have been sent to a federal facility,[2] and this responsibility includes access to the locality's law books. See e.g., Brown v. Smith, 580 F. Supp. 1576, 1577–78 (M.D. Pa. 1984). See also Corgain v. Miller, 708 F.2d 1241 (7th Cir. 1983); Rich v. Zitnay, 644 F.2d 41 (1st Cir. 1981). Consequently, the United States is dismissed from this action because if a claim is stated its sole target is the Government of the Virgin Islands.

---

[1] The transfer of Virgin Islands convicts to the federal prison system is authorized by 18 U.S.C. § 5003, which provides in pertinent part:

*Custody of State Offenders*

(a) The Attorney General, when the director shall certify that proper and adequate treatment facilities and personnel are available, is hereby authorized to contract with the proper officials of a State or Territory for a custody, care, subsistence, education, treatment, and training of persons convicted of criminal offenses in the courts of such State or Territory: *Provided,* That any such contract shall provide for reimbursing the United States in full for all costs or other expenses involved.

[2] The plaintiffs in Civ. No. 83-266 allege that federal imprisonment violates their civil rights. This claim is meritless. The Third Circuit has explicitly held that the site of a territorial prisoner's incarceration is a matter left solely to the discretion of the Director of the Bureau of Corrections. Bradshaw v. Carlson, 682 F.2d 1050, 1055 (3d Cir. 1982) [interpreting 5 V.I.C. § 4503(g)]; Ali v. Gibson, 631 F.2d 1126, 1134 (3d Cir. 1980), cert. denied, 449 U.S. 1129 (1981).

■ The same plaintiffs also bring this suit as a class action. Because they appear pro se, we are bound to liberally construe their complaint when considering a Rule 12(b)(6) attack. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Conly v. Gibson, 355 U.S. 41, 45–46 (1957). Similarly, we will not require them to strictly adhere to the class action provisions of Rule 23 because the issues here concern every Virgin Islands convict imprisoned in a federal penitentiary. Finally, under the authority of this rule, we will also view both suits as presenting the issue as a motion for summary judgment even though only plaintiff Benjamin has moved accordingly.

■■ Turning now to the merits of these claims, we note preliminarily that the inaccessibility of legal resources implicates the prisoners' fundamental right to meaningful access to the courts. E.g., Bounds v. Smith, 430 U.S. 817, 821 (1976); Younger v. Gilmore, 404 U.S. 15 (1971), affirming Gilmore v. Lynch, 319 F. Supp. 105 (N.D. Cal. 1970); Ex parte Hull, 312 U.S. 546, 548–49 (1941). Indeed, the governing rule is that:

> . . . the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.

Bounds, supra at 828.

Bounds clearly forecloses any claim by the Virgin Islands that it has no duty to facilitate these prisoners' access to the courts. But Bounds also makes clear that this obligation may be fulfilled in a number of ways, of which actually providing research materials is but one. Bounds, supra at 828; Gilmore v. Lynch, supra at 110–11.

For example, access may be effectuated by expanding the duties of the local public defender to include researching the claims of prisoners. See e.g., Gilmore v. Lynch, supra at 110–11. Accord Spates v. Manson, 619 F.2d 204, 210 (2d Cir. 1980). Private counsel could then be appointed to pursue the meritorious ones.

In recognition of the serious right at stake here, we will grant summary judgment in favor of the plaintiffs.

At this time, however, we are reluctant to impose a remedy upon the Government but we stress that this reluctance is temporary. To this date, the Government has maintained a highly cavalier attitude towards these proceedings. In fact, it declined to brief the issue we decide today in derogation of this court's order of February 6, 1986.

Nevertheless, the Government must be given a last chance to formulate a workable solution within the means of its already sorely stretched resources. Consequently, we will grant the Government 90 days to submit a proposal remedying the substantial hurdle that these prisoners currently face when researching a possible cause of action under Virgin Islands law. If a timely response is not received, we will fashion the solution to this problem.

## CONCLUSION

Prisoners have a fundamental right to access to the laws underlying their convictions. A violation of this right, however, invites innovative remedies which we allow the Government an opportunity to propose.

## SUMMARY JUDGMENT

THIS MATTER is before the Court on the motion of the plaintiffs for summary judgment. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED, ADJUDGED and DECREED:

THAT summary judgment is GRANTED in favor of the plaintiffs, and further

THAT the Government of the Virgin Islands submit a proposal responsive to this order within 90 days, and further

THAT the motion to dismiss the United States is GRANTED.