**Texx Michael LUCE, Plaintiff,**

v.

**Martin MAGNUSSON and Donald L. Allen, Defendants.**

**Civ. No. 87–0319–P.**

United States District Court, D. Maine.

Dec. 23, 1987.

Texx Michael Luce, pro se.

Terrance J. Brennan, Asst. Atty. Gen., Augusta, Me., for defendants.

## MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS

GENE CARTER, District Judge.

This is a civil action brought pursuant to 42 U.S.C. § 1983 by Plaintiff Texx Michael Luce, an indigent Maine state prisoner, against Martin Magnusson and Donald L. Allen, officials of the Maine Department of Corrections. Plaintiff was transferred from the Maine prison system to the federal penitentiary at Terre Haute, Indiana. Plaintiff intends to file a motion for post-

conviction review in a Maine court, but has been stymied by the fact that there are no resources on Maine law in the library at the federal prison. Plaintiff claims that he cannot adequately prepare his motion without either access to a law library containing Maine materials or adequate assistance from legal counsel.

■ Defendants' Motion to Dismiss correctly notes that the constitutional right of access to the courts may be fulfilled by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law. *Cepulonia v. Fair*, 732 F.2d 1, 6 (1st Cir.1984). Along with their motion, Defendants have filed an affidavit of Defendant Allen, wherein he asserts that the Department of Corrections contracts with Pine Tree Legal Aid, Inc. for the provision of legal services to Maine prisoners housed in federal institutions, and indigent prisoners may also receive legal advice from the Department's Office of Advocacy. Defendant Allen further points out that Maine statutes provide for the appointment of counsel for filing and proceeding with post-conviction reviews to indigent Maine prisoners. 15 M.R.S.A. § 2129(1)(B).[1] Because Defendants have presented matters outside the pleadings, their Rule 12(b)(6) motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Fed.R.Civ.P. 12(b).

The Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). Thus, Defendants need not provide Plaintiff with access to a complete law library. However, if Defendants do not provide Plaintiff with an adequate law library, then Defendants must provide adequate assistance from persons trained in the law. Plaintiff does not dispute that the library and various legal assistance programs provided to prisoners incarcerated

---

**1.** In his response to Defendants' motion, Plaintiff stated that because he had no access to

Maine law books, he was unaware of the statute and thus unable to comment on it.

within the Maine prison system is adequate. *See Lovell v. Brennan,* 566 F.Supp. 672, 696–97 (D.Me.1983), *aff'd on other grounds,* 728 F.2d 560 (1st Cir.1984). However, Plaintiff asserts that he does not have access to adequate assistance from persons trained in the law while he is incarcerated in a federal prison in Indiana, citing the distance from Maine to Indiana and his inability to communicate with counsel through any means except by mail.

In a case concerning Maine state prisoners incarcerated in a federal penal institution, the First Circuit stated that "the ultimate burden of proving that the avenues of research and/or legal or paralegal aid are adequate rests with the state." *Rich v. Zitnay,* 644 F.2d 41, 43 (1st Cir. 1981). The Court further stated that "plaintiffs pleaded enough when they alleged that they were without counsel or a library containing Maine law." *Id.* Plaintiff in the present case has met the minimum standards set forth in *Zitnay.* Thus, Defendants must prove that the legal services offered to Plaintiff by the Department of Corrections are adequate for Plaintiff's legitimate needs. By itself, Mr. Allen's affidavit is insufficient to carry the burden of proof.

Accordingly, Defendants' motion is hereby DENIED.

So ORDERED.