914 F.2d 1492
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James POUNCY, Jr., Plaintiff-Appellant,
v.
L.B. CEI, Chief of Classification, Virginia Department of
Corrections; P. Johnson, Assistant Warden; Charles
Thompson, Assistant Warden; Sergeant Authur; Sergeant
Linville; Officer Percy, Defendants-Appellees.
 No. 89-6706.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1990.
Decided Sept. 24, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David G. Lowe, United States Magistrate. (C/A No. 88-642-R).
 James Pouncy, Jr., appellant pro se.
 William W. Muse, Eric Karl Gould Fiske, Assistant Attorney General, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James Pouncy, Jr., a Virginia prisoner confined in the Kentucky penal system pursuant to the Interstate Corrections Compact, filed a 42 U.S.C. Sec. 1983 action seeking damages from defendants for (1) subjecting him to a known risk of harm by grouping him with his documented enemies, (2) failing to return him to a Virginia prison after the expiration of the agreed period of incarceration in Kentucky, and (3) failing to provide meaningful access to courts. The magistrate* granted summary judgment on the first two claims, and we affirm on the reasoning stated by the magistrate. Pouncy v. Cei, C/A No. 88-642-R (E.D.Va. May 11, 1989). The magistrate held an evidentiary hearing on Pouncy's last claim and, after issuing its findings from the bench, ordered that judgment be entered in favor of defendants.
 
 
 2
 Pouncy claims that the Kentucky prison library contains no Virginia law and those providing alternative assistance either refuse to help him or are unqualified to advise him on Virginia law. Once a prisoner detained out of state alleges he is without counsel or a library containing his home state's law, his home state has the burden of showing that adequate alternatives exist. Rich v. Zitnay, 644 F.2d 41 (1st Cir.1981). The state need only provide an adequate law library or adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977); Williams v. Leeke, 584 F.2d 1336 (4th Cir.1978), cert. denied, 442 U.S. 911 (1979). Assistance may include the training of inmates as paralegal assistants under the supervision of lawyers, use of paralegals and law students, volunteer attorneys, part-time consulting lawyers, staff attorneys, and so on. Bounds, 430 U.S. at 830-31. The state's plan should be evaluated as a whole to determine its compliance with constitutional standards. Id.
 
 
 3
 The prison law library carries the Southeastern Litigation Manual, which contains habeas corpus sections for each regional state, a list of addresses to write to in Virginia for help, and forms for filing in Virginia. The library carries a complete set of federal reporters, Corpus Juris Secundum, with volumes on habeas corpus, appeal and error, constitutional law, and criminal law. It also carries nutshells on legal research and criminal procedure, Wright's Law of the Federal Courts, and numerous guides on prisoners' rights. The library is staffed by seven inmate assistants who receive ninety hours of research training.
 
 
 4
 In addition to the library, lawyers from the Kentucky Department of Public Advocacy come to the prison once a week to assist those who sign up for an appointment. According to the director of the program, the attorneys are only qualified to represent inmates in state and federal courts in Kentucky. However, when they are called on to assist inmates in out of state matters, they may use the library at the nearby Murray State University, which carries statutes and reporters for all states. Further aid to out of state litigants is provided by giving the names and addresses of legal aid societies in their home states. Correspondence with out of state counsel is also contemplated.
 
 
 5
 Although this case appears to be the first in this Circuit to allege denied access to courts by a prisoner housed out of state, other circuits have addressed similar issues and applied settled law. See, e.g., Corgain v. Miller, 708 F.2d 1241 (7th Cir.1983); Rich v. Zitnay, 644 F.2d at 41; Hudson v. Israel, 594 F.Supp. 664 (E.D.Wis.1984); Hohman v. Hogan, 458 F.Supp. 669 (D.Vt.1978). Even when a prison library lacks relevant state materials, there is no duty to provide such materials in the event the inmate chooses not to accept adequate alternative services. Corgain, 708 F.2d at 1250. Actual representation is also unnecessary when requests for aid can be complied with through advice on the telephone or by mail. Id. Although these alternative sources of assistance may entail some delay, these delays, perhaps up to three weeks, have been deemed excusable. Hohman, 458 F.Supp. at 673.
 
 
 6
 Pouncy had access to library materials, the Kentucky public advocacy program, and sources of aid in Virginia. If he chose not to avail himself of these latter sources of aid, defendants were still under no duty to remedy the library's deficiencies in Virginia law. See Corgain, 708 F.2d at 1250. While he complained that the Kentucky public advocates would not represent him when they could represent those litigating in Kentucky courts, he does not state, and the record does not show, that the public advocates could not assist him. Thus, there is no constitutional violation because Pouncy has no right to actual representation where other means of assistance are adequate. Id.
 
 
 7
 The system, as a whole, is thus facially adequate. Although Pouncy claims that his Virginia habeas petition was denied because of inadequate assistance, he did not take advantage of the assistance available. We therefore affirm the district court's dismissal of this last claim for the reasons stated. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The parties consented to the jurisdiction of the magistrate pursuant to 28 U.S.C. Sec. 636(c)