942 F.2d 791
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ali Abdul Habib HAKEEM, Plaintiff-Appellant,
v.
Manfred MAASS, Superintendent Oregon State Penitentiary,
Theodore Long, Exec. Asst. at Oregon State Penitentiary, C.
Keaton, Exec. Asst. at Oregon State Penitentiary, Sidney
Coleman, Exec. Asst. at Oregon State Penitentiary, et al.,
Defendants-Appellees.
 No. 90-35464.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1991.*
Decided Aug. 15, 1991.
 
 Before GOODWIN, ALARCON and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ali Abdul-Habib Hakeem appeals summary judgment for the appellees. Hakeem, a New Jersey prisoner serving his sentence at the Oregon State Penitentiary ("OSP"), brought suit under 42 U.S.C. § 1983 alleging that the appellees have violated his constitutional rights and his rights under the Interstate Corrections Compact ("ICC"). We affirm.
 
 
 3
 * We review a decision to grant summary judgment de novo. Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir.1987). Summary judgment may be granted "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, 477 U.S. 242, 249-50 (1986) (citations omitted).
 
 II
 
 4
 Hakeem first argues that his transfer from New Jersey to Oregon violated his due process rights. This claim lacks merit. A prisoner has no justifiable expectation that he will be imprisoned in any particular state. Olim v. Wakinekona, 461 U.S. 238, 245 (1983). In addition, as the district court correctly noted, the ICC did not create a protected liberty interest.
 
 
 5
 Nor was the decision by OSP officials to place Hakeem in administrative segregation a violation of his due process rights. In Hewitt v. Helms, 459 U.S. 460 (1983), the Supreme Court held that an inmate has received due process in the context of administrative segregation if he received "an informal, nonadversary review of the information supporting [the segregation], including whatever statement respondent wished to submit, within a reasonable time after confining him to administrative segregation." Id. at 472. Oregon officials held a hearing in which they reviewed information provided by New Jersey officials and provided Hakeem an opportunity to be heard.
 
 
 6
 Although Hakeem argues that the decision to place him in administrative segregation was a "sham" because he was placed in segregation prior to the hearing, the Court in Hewitt held that such a procedure was permissible. Id. In addition, Hakeem complains that the decision to place him in administrative segregation was improper because it relied on confidential information. But "due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation." Toussaint v. McCarthy, 801 F.2d 1080, 1101 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 III
 
 7
 Hakeem next alleges that he has been denied the right to attend religious services. OSP does not allow group religious services for prisoners in administrative segregation, but apparently prisoners may arrange visits from religious figures, and may engage in self-study of the Koran.
 
 
 8
 In O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987), the Supreme Court addressed the standard for reviewing prison regulations that inhibit religious rights. The Court held that " 'when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.' " O'Lone, 482 U.S. at 349 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).
 
 
 9
 The ban on group religious services for administrative segregation prisoners satisfies this test. In O'Lone itself the Court noted that institutional security was a valid penological objective. 482 U.S. at 348. Prohibiting group services among those in Administrative Segregation is rationally connected to that purpose. In addition, OSP provides Hakeem with alternative means of exercising his religious beliefs.
 
 IV
 
 10
 Hakeem next argues that he has been denied effective access to the courts. Prisoners in administrative segregation at OSP can request books from the prison library and speak with paralegals on the telephone. These procedures are sufficient to satisfy Hakeem's constitutional rights. See Linquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 855 (9th Cir.1985) (A prison must provide an adequate law library or adequate assistance from persons trained in the law). Although Hakeem alleges that the OSP paralegals are inadequate, he provides no evidence to support this conclusory allegation.
 
 
 11
 In addition, Hakeem appears to be contending that he has been denied access to sources of New Jersey law due to his confinement at OSP. Since Hakeem is serving a New Jersey sentence, lack of access to sources of New Jersey law could constitute denial of access to the courts. See Rich v. Zitnay, 644 F.2d 41 (1st Cir.1981); Cooper v. Sumner, 672 F.Supp. 1361, 1365 (D.Nev.1987); Benjamin v. Potter, 635 F.Supp. 243, 245 (D.Virgin Islands 1986), aff'd 838 F.2d 1205 (3rd Cir.1988). Nevertheless, Hakeem has provided no evidence that he has requested such access, or even that he continues to have lawsuits in the New Jersey courts. Thus, summary judgment on this claim was proper. See Liberty Lobby, 477 U.S. at 249-50.
 
 V
 
 12
 Hakeem's remaining claims can be easily dismissed. Even if Hakeem is correct that New Jersey has created a liberty interest in employment opportunities for prisoners, he has provided no evidence that he did not receive due process of law. As noted above, OSP officials provided Hakeem with a hearing before placing him in administrative segregation. For the same reason, Hakeem's claim regarding limitations on his visitation rights must fail.
 
 
 13
 Although Hakeem alleges that the mail procedures at OSP violate the First Amendment, these procedures are reasonably related to legitimate penological interests. See Turner, 482 U.S. at 89. Hakeem's unsupported allegations that personnel in the OSP mailroom violated their own procedures are insufficient to survive summary judgment. See Liberty Lobby, 477 U.S. at 249.
 
 
 14
 On Hakeem's claim that prison canteen prices are excessive, the district court correctly noted that Hakeem had acknowledged that he was not raising a constitutional challenge. Any constitutional claim cannot be raised for the first time on appeal.
 
 
 15
 The district court also correctly granted summary judgment on Hakeem's claim that placement of AIDS infected prisoners in administrative segregation cells violated Hakeem's Eighth Amendment rights. There is no indication that placement in a cell next to an AIDS patient presents any health risks to Hakeem. Thus, such placement does not constitute cruel and unusual punishment. See Rhodes v. Chapman, 452 U.S. 337 (1981).
 
 
 16
 Although Hakeem alleges that the defendants conspired to deprive him of his constitutional rights, he provides no evidence to support this claim. The mere fact that a conspiracy is alleged is insufficient to defeat an adequately supported motion for summary judgment. Hewitt v. Grabicki, 794 F.2d 1373, 1382 (9th Cir.1986). Finally, since the district court properly granted summary judgment on Hakeem's substantive claims, it correctly denied Hakeem's motion for injunctive relief.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3