James Edward CLAYTON,
Plaintiff–Appellant,

v.

Robert J. TANSY, Warden, his agents, servants, employees and others acting in aid and/or concert therewith, Defendant–Appellee.

No. 92–2222.

United States Court of Appeals,
Tenth Circuit.

Aug. 2, 1993.

Submitted on the Briefs:*

James Edward Clayton, pro se.

Jeffrey L. Baker & Associates; Jacquelyn Robins, Albuquerque, NM, for defendant appellee.

Before LOGAN, MOORE, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Mr. Clayton, a state inmate and pro se litigant, appeals a decision denying relief under his 42 U.S.C. § 1983 action.

Mr. Clayton was convicted and incarcerated in Oklahoma. Mr. Clayton was subsequently transferred to the New Mexico penitentiary pursuant to the Interstate Corrections Compact. While confined in New Mexico, Mr. Clayton commenced this § 1983 suit against Mr. Tansy, the New Mexico Warden.

The factual basis of Mr. Clayton's suit was that he had several legal matters pending before the Oklahoma courts and he wished access to Oklahoma law which the New Mexico prison library did not have. He also claimed that the New Mexico prison relied exclusively on an "exact cite" paging system to provide access to the prison law library in contravention of his constitutional rights under the Sixth and Fourteenth Amendments.

Defendant filed a motion for summary judgment and Mr. Clayton responded. The district court granted this motion for summary judgment holding, in part, as follows:

> The following material facts are not disputed. Plaintiff was serving time in the Oklahoma State Prison when he was transferred to the New Mexico state prison system pursuant to an Interstate Corrections Compact (ICC). While serving jail time in New Mexico, Plaintiff had several legal matters pending in the Oklahoma courts. As a result of those pending matters, Plaintiff wanted access to Oklahoma legal materials. The New Mexico prison library, however, did not have any Oklahoma legal materials.

> Defendant argues that Oklahoma officials not New Mexico officials were under a duty to supply Plaintiff with Oklahoma materials. Consequently, the Defendant asserts that he is not the proper defendant in this matter. When the receiving state in an interstate compact agreement does not have legal materials pertaining to the laws of the sending state, the sending state "is obliged to satisfy in some reasonable manner the constitutional right of out-of-state inmates to meaningful access to the courts." *Messere v. Fair,* 752 F.Supp. 48, 52 (D.Mass.1990). *See, e.g., Cooper v. Sumner,* 672 F.Supp. 1361, 1365 (D.Nev. 1987). In other words, "the proper defendant, if any, must be the director or administrator of corrections of the sending state or his or her supervisors, that is, the individuals most directly responsible for the transfer of prisoners pursuant to the inter-

---

* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

state compact or agreement to which they are presumably signatories." *Hudson v. Israel,* 594 F.Supp. 664, 669 (E.D.Wis. 1984).

In this situation, the receiving state is New Mexico and the sending state is Oklahoma. Consequently, the proper defendant in this case is not a New Mexico official but rather should be an Oklahoma official. Defendant, therefore, is entitled to summary judgment dismissing this cause against him. For that reason, I find that I need not address Defendant's other two arguments in favor of summary judgment.

The district court also denied Mr. Clayton permission to amend as the amendment involved adding an out-of-state defendant who resided more than 100 miles from the court. Fed.R.Civ.P. 4(f). The district court did not respond to Mr. Clayton's claim that the paging system was an unconstitutional denial of his access to the courts.

Mr. Clayton appeals this decision asserting a variety of errors.

## I

### Permission to Amend

 The decision to amend the pleadings by adding additional parties lies within the sound discretion of the district court. The only party Mr. Clayton could add that would save his case is an Oklahoma official. Such an official would not have been subject to service of process. *See* Fed.R.Civ.P. 4(f). Any amendment would have been an exercise in futility. The district court did not abuse its discretion.

## II

### New Mexico's Duty to Provide Oklahoma Law

In the context of denial of access claims, the general rule imposes upon the sending state authorities the responsibility for ensuring their prisoners incarcerated in sister state facilities are afforded access to state courts. *Hudson v. Israel,* 594 F.Supp. 664, 667–68 (E.D.Wis.1984). Mr. Clayton, in response to this argument, cites *Rich v. Zit-*

*nay,* 644 F.2d 41, 43 n. 1 (1st Cir.1981), which states: "We also think that Leavenworth authorities would be proper defendants in a case brought in a court of appropriate jurisdiction. Receiving as well as sending officials share responsibility for insuring prisoners' access to the courts."

Mr. Clayton is correct that this dicta supports his position. We nevertheless decline to follow it because the *Zitnay* court was dealing with a state prisoner transferred to federal prison. Instead, we adopt the present consensus that it is the sending state which bears the burden of providing the required state legal materials as stated by the district court.

Mr. Clayton may have a valid § 1983 claim; however, if he does it should be pursued against the proper defendant in a court of proper venue.

## III

### Paging System

 Mr. Clayton contends that summary judgment was not appropriate because the district court did not respond to his allegation that the New Mexico prison relied exclusively on an exact cite paging system for access to the law library. We agree with Mr. Clayton on this claim. Accordingly, we **AFFIRM** the district court in all respects except that the matter is **REMANDED** to the district court to address Mr. Clayton's remaining unaddressed claim.