USCA1 Opinion

 

 September 23, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-2410 BERTELL PORCHER, JR., Plaintiff, Appellant, v. MASSACHUSETTS DEPT. OF CORRECTIONS, ET AL., Defendant, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ___________________ Before Selya, Boudin and Stahl, Circuit Judges. ______________ ___________________ Bertell Porcher, Jr. on brief pro se. ___________________ Nancy Ankers White, Special Assistant Attorney General, __________________ and David J. Rentsch, Counsel Department of Correction, on ________________ brief for appellee. __________________ __________________ Per Curiam. Appellant, Bertell Porcher, is a ____________ Massachusetts prisoner currently serving his sentence in the Federal Prison in Marion, Illinois. His original sentence was for three to five years for breaking and entering. However, in 1990, while still in prison, appellant received additional consecutive sentences of nine to ten years and four to five years for assault and battery by means of a dangerous weapon and assault and battery on a corrections officer, respectively. In 1991, appellant was transferred to the Federal Bureau of Prisons which designated Marion as his placement. When appellant arrived at Marion, federal prison officials refused to accept the approximately four cubic feet of legal materials which he had brought with him. These materials related both to an appeal of his criminal sentence and various civil actions appellant had filed or intended to file. The papers were returned to Massachusetts and are in storage at M.C.I. Cedar Junction. The state has indicated to appellant that it will forward these materials when he obtains permission from the Federal Bureau of Prisons. In February 1992 appellant initiated a civil action against Massachusetts officials pursuant to 42 U.S.C. 1983. He alleged (1) that his civil rights had been violated by his transfer to the federal prison system; and (2) that the transfer had denied him effective access to the Massachusetts courts. This action appears to be still pending. In October -2- 1992, appellant sought a temporary restraining order or, in the alternative, a preliminary injunction requiring his transfer to Massachusetts and the return of his legal papers. The district court denied this motion on the ground that the appellant was unlikely to succeed on the merits. Appellant appeals this decision. In assessing a request for a preliminary injunction, a court must evaluate (1) the movant's likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is not granted; (3) the balance of interest between the parties; and (4) the public interest. Cohen v. _____ Brown University, 991 F.2d 888, 902 (1st Cir. 1993). The ________________ movant's likelihood of success is "particularly influential in the preliminary injunction calculus." Id. at 903 (citing __ cases). Absent a clear error of law or fact, we will overturn a denial of a preliminary injunction only for a "manifest abuse of discretion." Id. at 903. __ Discussion __________ Appellant asserts that his transfer to the federal prison system was "illegal." However, Massachusetts law provides that "[t]he commissioner may, with the approval of the appropriate officials of the federal government, transfer any prisoner sentenced to state prison to any available or appropriate correctional institution maintained and supervised by the federal government within the confines of -3- continental United States." Mass. Gen. L. ch. 127, 97A. Federal due process rights do not attach to this transfer since it involves no identifiable interest in liberty or property as contemplated by the fourteenth amendment. See ___ Morrissey v. Brewer, 408 U.S. 471, 481 (1972). There is no _________ ______ federal liberty interest involved in the transfer of an inmate from a state prison to an out-of-state federal facility. Sisbarro v. Warden, Massachusetts State ________ ______________________________ Penitentiary, 592 F.2d 1, 4 (1st Cir.), cert. denied 444 U.S. ____________ ____ ______ 849 (1979). Nor does a transfer from a state to a federal prison implicate any liberty interest created by Massachusetts state law or regulation. Harris v. ______ Commissioner of Correction, 409 Mass. 472, 478, 567 N.E.2d ___________________________ 906, 910-11 (1991). Appellant also asserts that the transfer deprived him of effective access to the Massachusetts courts. An inmate has a constitutional right of access to the courts. Bounds v. ______ Smith, 430 U.S. 817, 821 (1977). Access must be _____ "meaningful," id, at 823, and correction authorities bear the __ burden of demonstrating that they have provided constitutionally adequate access, id., at 828. __ Constitutionally adequate access may be either through the provision of an adequate law library or adequate assistance from persons trained in the law. Blake v. Berman, 877 F.2d _____ ______ 145, 146 (1st Cir. 1989). An inmate does not have a -4- constitutional right to both. Id. State correction __ officials retain responsibility for providing constitutionally adequate access to state prisoners transferred to federal custody. Rich v. Zitnay, 644 F.2d 41, ____ ______ 43 (1st Cir. 1981). Appellant alleges that the transfer deprived him of adequate legal assistance and of adequate access to a law library. As to the first, he alleges Marion officials do not provide legal assistance and that an inmate must seek approval before he can call his attorney. As to the second, he alleges that he has no direct access to Massachusetts law books. We find that appellant has not shown that he is likely to succeed on the merits of this claim. Massachusetts appears to have met its constitutional obligation by providing appellant adequate access to a law library. According to the affidavit of Richard Williams, the Supervisor of Education at Marion, the main law library at Marion contains Massachusetts state law materials--including an annotated edition of Massachusetts law, reports of Massachusetts cases, and appropriate digests--provided by Massachusetts state authorities.1 Moreover, appellant's ____________________ 1. According to Williams' affidavit, the library contains Massachusetts General Laws Annotated, Chapters 1-277, Tables, General Index, Court Rules, and Index; Massachusetts Practice; Criminal Practice and Procedure 2d, Volumes 30 & 30A; Massachusetts Appeal Court Reports, Volumes 1-21; -5- access to these materials meets constitutional standards. At Marion, inmates are not permitted direct access to the main library. However, an inmate can request three books at a time which "are answered within 24 hours of receipt and delivery is provided on a daily basis excluding Saturday, Sunday and Holidays." (Williams' affidavit). These books may be kept in an inmate's possession for twenty four hours and "[e]xceptions to these procedures will be granted to inmates with demonstrated court deadlines." Id. In light of __ the "unique disciplinary and security considerations" at Marion, this library access plan has been found on its face to meet constitutional standards. Caldwell v. Miller, 790 ________ ______ F.2d 589, 605-06 (7th Cir. 1986). Appellant already has checked out over ninety volumes in a six month period under this procedure, including several dealing with Massachusetts law. This is thus not a case like those wherein this court has found library access to be inadequate because an inmate's only access to state law materials depended on his ability to provide an off site location with specific citations. See ___ Cepulonis v. Fair, 732 F.2d 1, 4 (1st Cir. 1984) ("[i]t is _________ ____ unrealistic to expect a prisoner to know in advance exactly what materials he needs to consult"); Rich, 644 F.2d at 43 ____ (requirement of "precise citations . . . obviously a Catch ____________________ Massachusetts Reports, Volumes 360-399; Massachusetts Digest 2d, Volume 19 (Paupers-Records); and Massachusetts Rules of Court. -6- 22"). Finally, appellant has direct access to a smaller law library which contains basic legal material but does not contain Massachusetts material. Finally, appellant asserts that his legal papers are being improperly withheld from him. Appellant concedes that the federal authorities at Marion would not allow him to bring the papers with him. Appellant has been informed by state authorities that his papers are being held in storage and that in order for the papers to be forwarded he needs to request permission from the federal authorities at Marion. Although appellant asserts that "a U.S.P. Marion counselor . . . has authorized Appellees to forward" these materials, nothing in the record indicates that Massachusetts authorities have been so informed or even that official permission from Marion has been obtained. There is also no indication in the record that Massachusetts would not deliver the papers once it had received information that federal authorities would accept delivery. We find no manifest abuse of discretion in the determination by the district court that appellant is unlikely to succeed on the merits of his claims. The denial of appellant's request for a preliminary injunction is affirmed. ________ -7-