UNITED STATES COURT OF APPEALS

**Filed 4/30/96**

FOR THE TENTH CIRCUIT

---

RICHARD E. MEARS,

      Plaintiff-Appellant,

v.

RANDY BARGDILL, RANDY
WILSON, MIKE MCKENNA, RICK
STONE, BOB KNIGHT, CITY OF
WICHITA, JOHN/JANE DOES,

      Defendants-Appellees.

No. 95-3016
(D.C. No. 91-3150-DES)
(D. Kan.)

RICHARD E. MEARS,

      Plaintiff-Appellant,

v.

CHUCK SIMMONS, Secretary,
Department of Corrections; WILLIAM
CUMMINGS, Director of Risk
Management, Kansas Department of
Corrections; GARY STOTTS, Secretary
of Corrections; Kansas Department of
Corrections; RAYMOND ROBERTS,
Deputy Secretary of Corrections, Kansas
Department of Corrections; LEE
TAYLOR, Warden of Topeka
Correctional Facility; MIKE NELSON,
Warden of El Dorado Correctional
Facility; REGINALD WALLACE,
Correctional Maintenance Office at

No. 95-3058
(D.C. No. 94-3402-RDR)
(D. Kan.)

Lansing Correctional Facility; TERRY D. HAMBLIN, Assistant Attorney General for State of Kansas; ALAN MORGAN, Classification Officer at Topeka Correctional Facility; JOHN MCGRANAHAN, Correctional Officer and Property Room Supervisor at Topeka Correctional Facility; A.D. GARVIN, Correctional Officer and Property Room Officer at Topeka Correctional Facility; R. LAIR, Correctional Officer and Property Room Officer at El Dorado Correctional Facility; DON MARTIN, Law Library Supervisor at El Dorado Correctional Facility; ROBERT KECKLER, B Unit Team Manager at El Dorado Correctional Facility; JOHN THOMAS, Deputy Director of Corrections, Washington, D.C.; DON HOOVER, Classification Bureau Chief for New Mexico Correctional Department; C.L. SMITH, Deputy General Counsel for New Mexico Corrections Department; JOHN (1) DOE, correctional employee for New Mexico Correctional Department; JANE #1 DOE, correctional employee for New Mexico Correctional Department; KANSAS SECRETARY OF CORRECTIONS; (NFN) BUSSIER; (NFN) WARE, Sergeant,

Defendants-Appellees.

2

ORDER AND JUDGMENT[*]

---

Before BRORBY and BARRETT, Circuit Judges, and BRIMMER,[**].

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

In these appeals, plaintiff Richard E. Mears, appearing pro se, complains that the Kansas prison officials deprived him of his memory typewriter and legal materials. In case No. 95-3058, Mr. Mears seeks return of those materials and damages. In case No. 95-3016, he asserts that he was prevented from opposing defendants' motions for summary judgment and dismissal because his legal materials were not available to him, and he requests reversal of the summary judgment and dismissal entered in favor of defendants.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation.

In case No. 95-3016, Mr. Mears filed a complaint pursuant to 42 U.S.C. § 1983 against police officers and other governmental officials involved in his arrest for and investigation of the crimes for which he is currently incarcerated. Construing pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we review de novo the district court's entry of summary judgment, applying the same legal standard used by the district court under Fed. R. Civ. P. 56(c), Hayes v. Marriott, 70 F.3d 1144, 1146 (10th Cir. 1995). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law," Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991), but "we must view the record in a light most favorable to the part[y] opposing the motion for summary judgment," Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).

Although he claims his legal materials contain evidence that would have defeated defendants' motion for summary judgment, Mr. Mears has not identified or described that evidence. His allegations that there exist disputed facts, but they are unavailable, are too vague to withstand summary judgment. See Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995)(to withstand summary judgment, nonmovant must produce affidavits containing admissible facts based on personal knowledge); Handy v. Price, 996 F.2d 1064, 1066 (10th Cir. 1993)(nonmovant's affidavits must create genuine issue for trial; evidence must be significantly probative); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.

1991)(petitioner, even if pro se, must allege sufficient facts about material events).

We turn to the merits of the appeal from the summary judgment order. Mr. Mears claims his constitutional rights were violated by the arresting officers' use of excessive, deadly force, by the false and unverified statements of various police personnel, and by an inadequate investigation of the circumstances of his arrest. We have carefully reviewed the parties' appellate briefs, the materials filed with the district court, and the applicable law. We affirm the district court's January 12, 1995 order dismissing defendant City of Wichita, and granting summary judgment to the remaining defendants, for substantially the reasons stated in that order.

Mr. Mears also alleges the district court erred in (1) denying his motion for recusal; (2) denying his request for appointed counsel; (3) denying his requests for additional discovery and to amend his complaint; and (4) denying his motion to disqualify defendants' attorney. We review each of these issues for an abuse of discretion. Maez v. Mountain States Tel. & Tel., Inc., 54 F.3d 1488, 1508 (10th Cir. 1995)(recusal); Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir. 1994)(appointment of counsel); Motley v. Marathon Oil Co., 71 F.3d 1547, 1550 (10th Cir. 1995)(discovery); Noland v. McAdoo, 39 F.3d 269, 273 (10th Cir. 1994)(denial of leave to amend complaint); United States v. Bolton, 905 F.2d 319, 321 (10th Cir. 1990)(disqualification of counsel), cert. denied, 498 U.S. 1029 (1991). We have considered all of Mr. Mears' claims. Our review of the record reveals no reversible error. The judgment of the district court in case No. 95-3016 is affirmed.

In case No. 95-3058, Mr. Mears' notice of appeal designates the district court's February 6, 1995 order denying his request for a preliminary injunction as the order from which this appeal is taken.  See Fed. R. App. P. 3(c)(notice of appeal "must designate the judgment, order, or part thereof appealed from").  The district court's order also dismissed three defendants on qualified immunity grounds, ordered a Martinez report, and directed the remaining defendants to waive service of process.  Because the case is still ongoing, the district court's February 6, 1995 order is not final.  Accordingly, we have jurisdiction only over the portion of the order denying the preliminary injunction.  See id; see also 28 U.S.C. §§ 1291, 1292(a)(1); Albright v. UNUM Life Ins. Co. of Am., 59 F.3d 1089, 1092 (10th Cir. 1995)(appellate court is without jurisdiction to consider nonfinal claims).

We review the district court's denial of a preliminary injunction for an abuse of discretion.  Walmer v. United States  Dep't of Defense, 52 F.3d 851, 854 (10th Cir.), cert. denied, 116 S. Ct. 474 (1995).  To establish entitlement to a preliminary injunction, the moving party must show (1) he will suffer irreparable harm if an injunction is not granted; (2) the threatened injury to the moving party outweighs any injury the requested injunction may cause the nonmoving party; (3) the injunction would not be detrimental to the public interest; and (4) a substantial likelihood the moving party will succeed on the merits.  Id.

Plaintiff requested a preliminary injunction requiring the defendants (1) to return his legal materials and memory typewriter to him; (2) to place him in out-of-state protective

custody; (3) to end retaliation against him; and (4) to provide him access to a law library sufficient for his purposes. After he filed his appellate brief, Mr. Mears was transferred to a prison facility in Virginia. Therefore, his claims for an injunction seeking immediate out-of-state protective custody, and an end to retaliation by Kansas prison officials are moot.

On his claim that he is entitled to a preliminary injunction requiring return of his legal materials and memory typewriter in order to pursue his claims in case No. 95-3016, as well as in related district court litigation in Mears v. Singleton, No. 92-3471-GTV, see "Notice of Actual Injury," Mr. Mears has not demonstrated how he will be irreparably harmed, because he has not identified or described the evidence he sought to present in those cases. To the extent he alleges a general need for the legal materials in order to pursue other litigation, we do not have adequate information about the other litigation to evaluate this claim. Accordingly, Mr. Mears has not established that he will suffer irreparable harm if a preliminary injunction is not granted.

Mr. Mears also sought a preliminary injunction requiring Kansas prison officials to grant him adequate and meaningful access to a law library. This claim was not mooted by his transfer to a Virginia prison. See Clayton v. Tansy, 26 F.3d 980, 982 (10th Cir. 1993)(general rule in denial of access to legal materials claims imposes on sending state authorities the responsibility to ensure their prisoners incarcerated elsewhere are afforded access to state courts). Mr. Mears did not allege, however, that he was denied access, only

that he wanted more or better access. This claim does not satisfy any of the criteria for a preliminary injunction.

Mr. Mears' "Sworn Notice Appellant is Obstructed and Impeded From Making an Essential Reply to Appellee's Reply Brief," alleging that his placement in a Virginia prison has resulted in a complete denial of access to a law library or legal assistance, was not presented to the district court, and will not be considered here. Cf. John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994)(reviewing court generally does not consider evidence not presented to district court). Therefore, we find no reversible error in the district court's order denying Mr. Mears' request for a preliminary injunction.

Mr. Mears' pending motions are denied.

In case No. 95-3016, the judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.

In case No. 95-3058, the judgment of the United States District Court for the District of Kansas denying the request for a preliminary injunction is AFFIRMED. The remaining issues on appeal are DISMISSED for lack of jurisdiction. The mandate shall issue forthwith.

Entered for the Court


James E. Barrett
Senior Circuit Judge

8