**Filed 6/6/96**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JUAN BACA,                                                )
                                                                    )
     Plaintiff-Appellant,                      )
                                                                    )
v.                                                                  )        No. 96-2027
                                                                    )   (D.C. No. CIV-91-1005-SC)
ELOY MONDRAGON, Secretary, New Mexico    )        (D. N.M.)
Department of Corrections,                           )
                                                                    )
     Defendant-Appellee.                       )

_____

**ORDER AND JUDGMENT***
_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that

oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P.

34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Baca, a state inmate and a pro se litigant, filed a civil rights suit under 42 U.S.C. § 1983

against the Secretary of the New Mexico Department of Corrections asserting an unlawful out-of-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

state transfer to a New Jersey prison and denial of his Constitutional right of access to the courts.[1]

The trial court ordered a *Martinez*[2] report and thereafter both parties moved for summary judgment.

The trial court granted Defendant's motion concluding there had been no unlawful transfer and

further, that Mr. Baca's right of access to the courts had not been unconstitutionally impaired.

Specifically the trial court concluded that while the New Jersey prison did not in fact have New

Mexico legal material, the uncontradicted evidence showed the New Jersey prison provided Mr.

Baca with adequate legal assistance to determine New Mexico law. The trial court granted Mr.

Baca's motion to proceed *in forma pauperis*. We exercise jurisdiction and affirm.

On appeal, Mr. Baca challenges only the trial court's ruling which concluded Mr. Baca was

not denied his constitutional right of access to the courts. Specifically Mr. Baca asserts that by

transferring him out of state, with no plan to guarantee him access to the New Mexico courts, the

Defendant violated Mr. Baca's right of access to the courts. As Mr. Baca proceeds pro se, we must

give his pleadings the benefit of a liberal interpretation. By so doing, it is apparent Mr. Baca is

contending he was denied access to New Mexico legal materials while he was being held, as a New

Mexico prisoner, in out-of-state prisons.

The law we must apply is clear. Prisoners maintain a fundamental constitutional right of

meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977). This fundamental

---

[1] This appeal was filed in this court February 9, 1996.

[2] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

right is not diminished when inmates are transferred out of state. This right of access means the government is required to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts by providing some form of legal assistance, such as access to adequate law libraries or the aid of persons trained in the law. We have held that when a prisoner is transferred out of state, the sending state bears the burden of providing the required state legal materials. *Clayton v. Tansy*, 26 F.3d 980, 982 (10th Cir. 1993). However, common sense requires us to conclude that if the receiving state provides the required legal assistance, the prisoner has received that to which he is entitled.

In order for a prisoner, such as Mr. Baca, to prove a violation of the constitutional right of access to the courts, the prisoner must show: (1) the failure of prison officials to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law; and (2) some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the prisoner's pending or contemplated litigations. See *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

We first examine the record on appeal. We begin by noting neither Mr. Baca nor the State has been helpful to this Court by setting forth a statement of the facts relevant to the issues presented for review with appropriate references to the record. Fed. R. App. Proc. 28(a)(4) requires a statement by the appellant of the facts relevant to the issues presented for review with appropriate references to the record. Rule 28(b) requires the appellee to set forth this information if "the appellee is dissatisfied with the statement of the appellant." The failure of the parties to cite to this Court the

3

record facts simply causes this Court untold hours of additional work.[3]

We have reviewed the record on appeal de novo. Several facts become clear. Mr. Baca made numerous requests for legal material and he was initially rebuffed in his attempts to obtain certain New Mexico citations. It should be noted most of the material requested was obtained as it consisted of federal cases available in the New Jersey prison library. A civilian paralegal was assigned to assist Mr. Baca and Mr. Baca would not cooperate with this individual. After several requests, Mr. Baca was provided with an inmate paralegal. Mr. Baca was ultimately provided with all legal material he requested. What Mr. Baca primarily objected to was that specific citations were required to access materials. Mr. Baca claimed such a "procedure is ineffective, inadequate and extremely burdensome." The mere fact New Jersey did not possess all the legal materials requested by Mr. Baca is not determinative. The significant question is whether the materials requested by Mr. Baca were received (regardless of their source) by Mr. Baca. The record shows they were.

The record on appeal fails to show how the exact cite procedure deprived Mr. Baca of his right to access the courts. We are left only with Mr. Baca's generalized assertions. This is not the first time a prisoner has complained about the "exact cite" paging system utilized to provide access to the prison law library. In *Clayton* we remanded to the trial court with instructions to determine

---

[3] We note the trial court also complained "Defendant has failed to provide even minimal guidance to the court on the location or relevance of the exhibits upon which he is relying." Pro se litigants cause an enormous burden upon the courts. The record on appeal is huge. As in most pro se cases, the pro se litigant has filed numerous motions, objections, and responses. When counsel opposes a pro se litigant, counsel's burdens are necessarily increased. Counsel, as an officer of the court, has the obligation to set forth its factual statement of the case with citations to the record.

whether the exact cite paging system resulted in a denial of the right of access to the courts. In the case before us, unlike *Clayton*, the trial court recognized the exact cite requirement may have denied Mr. Baca meaningful access to the courts; however, the trial court concluded the record demonstrated Mr. Baca received constitutionally adequate assistance from persons trained in the law. We agree with the district court's reading of the record before it. The record shows Mr. Baca was furnished civilian and inmate paralegal assistance while he was in the New Jersey prison. The record also shows Mr. Baca insisted on assistance by a particular person and he failed to keep an appointment with another assistant. Mr. Baca even submitted an affidavit by an inmate legal assistant, who characterizes himself as a jailhouse lawyer, who assisted Mr. Baca in the preparation of various legal documents. A reading of the various motions filed by Mr. Baca during these proceedings exemplify his access to relevant case law and adequate guidance in judicial proceedings.

Furthermore, even if Mr. Baca had shown a lack of adequate legal assistance, he has failed to allege any quantum of detriment caused by the challenged conduct. He has not provided any facts to show an interruption or delay in any pending or contemplated litigation. The closest he comes to alleging prejudice at any point in the proceedings is when he states in his Opposition to Defendant's Court Ordered *Martinez* Report: "In the case at bar, the plaintiffs' rights to apply for a Writ of Habeas corpus and to exhaust further prison officials violations have, and will continue[] to be abridge[d] by the defendant with no provisions made to guarantee plaintiff access to New Mexico Courts." He fails to provide any further information regarding which actions have been abridged or in what way. He did, however, attach as an exhibit to the above motion a transcript of a hearing that occurred in the Southern District of Illinois on October 15, 1984 where Mr. Baca discussed his writ

5

of habeas corpus and his post-conviction proceedings. During that hearing he admitted he was represented by counsel in his post-conviction proceeding and regarding his writ of habeas corpus the district judge noted it was a moot issue before stating that New Mexico had provided him with the requested relevant materials. The judge told Mr. Baca "[i]n other words, you're now being given what you're entitled to under the law." Mr. Baca does not dispute or challenge this statement.

When he filed his motion for summary judgment, Mr. Baca had the burden to set forth facts, not allegations or conclusions, showing he was entitled to judgment. When Mr. Baca filed his opposition to Defendant's motion for summary judgment, he had the same burden, *i.e.*, he must set forth facts, not allegations or conclusions. The record before this court contains abundant allegations and conclusions from Mr. Baca but few facts. Based upon the facts contained in the record, we must affirm the judgment of the trial court.

Mr. Baca submitted to this court what he entitled "Joint Appendix on Appeal." It is not a joint submission. It is quite simply the sole submission of Mr. Baca. It contains some matters not submitted to the trial court. It contains some matters that were submitted to the trial court. We have considered those documents that affirmatively appear to have been submitted to the trial court as part of the record on appeal. Those documents which do not affirmatively appear to have been submitted

to the trial court have been disregarded.

The judgment of the district court is **AFFIRMED** in all respects.

**Entered for the Court:**


**WADE BRORBY**
United States Circuit Judge